UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------X
**CRAIG PERU,**

                             **Plaintiff,**

        -against-

                                                           **COMPLAINT**
                                                         **Plaintiff Demands A
                                                         Trial by Jury**

**CITY OF NEW YORK, NEW YORK CITY POLICE
DEPARTMENT, DETECTIVE MOORE, DETECTIVE
COMISKY, DETECTIVE EMBROZIO, DETECTIVE
JOHN DOE 1, POLICE OFFICER VICTORIA LYNCH,
SHIELD #13203, POLICE OFFICER JOHN DOE 2,
POLICE OFFICER JOHN DOE 3, POLICE OFFICER
JOHN DOE 4, and POLICE OFFICER JOHN DOE 5,**

                             **Defendants.**
------------------------------------------------------------------------------X

Plaintiff, by DEVON M. RADLIN, his attorney, respectfully alleges as follows:

### *JURISDICTION*

1. This action is brought under the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments of the Constitution of the United States and the Civil Rights Law of the United States, as codified in Title 28, U.S.C. Sections 1331 and 1343 and Title 42, U.S.C. Sections 1981, 1983 and 1985.

2. Plaintiff further invokes the pendent jurisdiction of this Court to consider claims arising under State Law; to wit false arrest; false imprisonment; intentional infliction of emotional distress; negligent hiring and retention; and negligent training and supervision.

### *VENUE*

3. The course of conduct and other acts complained of herein arose and occurred in whole or in part within the County, City and State of New York, in the Southern District of New York.

## *PARTIES*

4. Plaintiff, **CRAIG PERU (PERU),** is and was at all times herein mentioned, a citizen and a resident of the County, City and State of New York.

5. At all times herein mentioned, the plaintiff **PERU** resided in apartment 8F located at 750 Columbus Avenue in the City, County and State of New York.

6. The defendant, **CITY OF NEW YORK** (**CITY**), is a municipal corporation and political subdivision of the State of New York.

7. The defendant, **NEW YORK CITY POLICE DEPARTMENT** (**NYPD**), is a municipal agency under the supervision and control of the defendant **CITY**.

8. That the defendant ***DETECTIVE MOORE, (DET. MOORE),*** is a detective employed by the defendants, **CITY** and **NYPD**.

9. That the defendant ***DETECTIVE COMISKY (DET. COMISKY),*** is a detective employed by the defendants, **CITY** and **NYPD**.

10. That the defendant ***DETECTIVE EMBROZIO (DET. EMBROZIO),*** is a detective employed by the defendants **CITY** and **NYPD**.

11. That the defendant ***DETECTIVE JOHN DOE 1 (DET. JD1),*** is a detective employed by the defendants **CITY** and **NYPD**.

12. That the defendant ***POLICE OFFICER VICTORIA LYNCH, SHIELD #13202 (P.O. LYNCH),*** is a police officer employed by the defendants, **CITY** and **NYPD**.

13. That all times herein mentioned, the defendants, ***DET. MOORE, DET. COMISKY, DET. EMBROZIO,*** and ***DET. JD1,*** were employed by the defendants, ***CITY*** and ***NYPD***, in the capacity as a detective and was acting in such capacity as an agent, officer, servant and

2

employee of the defendants, *CITY* and *NYPD*. They are sued individually and in their official capacity.

14. That all the times herein mentioned, defendants ***DET. MOORE, DET. COMISKY, DET. EMBROZIO,*** and ***DET. JD1,*** were acting under color of state law and under their authority as detectives for the defendants, *CITY* and *NYPD*.

15. That the defendant ***POLICE OFFICER JOHN DOE 2 (P.O. JD2),*** is a police officer employed by the defendants *CITY* and *NYPD*.

16. That the defendant ***POLICE OFFICER JOHN DOE 3 (P.O. JD3),*** is a police officer employed by the defendants *CITY* and *NYPD*.

17. That the defendant ***POLICE OFFICER JOHN DOE 4 (P.O. JD4),*** is a police officer employed by the defendants *CITY* and *NYPD*.

18. That the defendant ***POLICE OFFICER JOHN DOE 5 (P.O. JD5),*** is a police officer employed by the defendants *CITY* and *NYPD*.

19. That all times herein mentioned, the defendants ***P.O. LYNCH, P.O. JD2, P.O. JD3, P.O. JD4,*** and ***P.O. JD5,*** were employed by the defendants, *CITY* and *NYPD*, in the capacity as police officers, and were acting in such capacity as the agents, officers, servants and employees of the defendants, *CITY* and *NYPD*. Each is sued individually and in their official capacity.

20. That all the times herein mentioned, defendants, ***P.O. LYNCH, P.O. JD2, P.O. JD3, P.O. JD4,*** and ***P.O. JD5,*** were acting under color of state law and under their authority as police officers for the defendants, *CITY* and *NYPD*.

21. That all the times herein mentioned, defendants, **DET. MOORE, DET. COMISKY, DET. EMBROZIO,** and **DET. JD1,** were assigned to the 23rd Precinct by the defendants, **CITY** and **NYPD.**

22. That all the times herein mentioned, defendants, **P.O. JD2, P.O. JD3, P.O. JD4,** and **P.O. JD5,** were assigned to the 23rd Precinct by the defendants, **CITY** and **NYPD.**

23. That all the times herein mentioned, defendant **P.O. LYNCH** was assigned to the 18TH Precinct by the defendants, **CITY** and **NYPD.**

## *FACTS*

24. On May 16, 2021, at or about 4:30 AM- 5:00 AM, Plaintiff was alone and asleep inside his apartment #8F located at 750 Columbus Avenue in the City, County and State of New York ("apartment").

25. On May 16, 2021, at or about 4:30 AM- 5:00 AM, defendants, **DET. MOORE, DET. COMISKY, DET. EMBROZIO, DET. JD1**, **P.O. JD2, P.O. JD3, P.O. JD4,** and **P.O. JD5,** jointly and severally, appeared at Plaintiff's apartment, banged loudly on plaintiff's apartment door, and demanded that the door be opened.

26. Plaintiff opened his apartment entrance door and defendants, **DET. MOORE, DET. COMISKY, DET. EMBROZIO, DET. JD1**, **P.O. JD2, P.O. JD3, P.O. JD4,** and **P.O. JD5,** jointly and severally, advised that FRANCES MONIQUE PERU, the mother of Plaintiff's child, had, "made a complaint," and that Plaintiff must subject to questioning.

27. Plaintiff asked defendants, **DET. MOORE, DET. COMISKY, DET. EMBROZIO, DET. JD1**, **P.O. JD2, P.O. JD3, P.O. JD4,** and **P.O. JD5,** jointly and severally, to advise as to the specifics of the complaint made by FRANCES MONIQUE PERU.

4

28. Defendants, **DET. MOORE, DET. COMISKY, DET. EMBROZIO, DET. JD1**, **P.O. JD2, P.O. JD3, P.O. JD4,** and **P.O. JD5,** jointly and severally, refused to supply any information as to the specifics of the complaint.

29. Plaintiff advised defendants **DET. MOORE, DET. COMISKY, DET. EMBROZIO, DET. JD1**, **P.O. JD2, P.O. JD3, P.O. JD4,** and **P.O. JD5,** jointly and severally, that he was involved in high conflict litigation with FRANCES MONIQUE PERU over their son, and that he believed this complaint was being made to interfere with Plaintiff's access with his son, which was scheduled for May 17, 2021.

30. Plaintiff asked defendants **DET. MOORE, DET. COMISKY, DET. EMBROZIO, DET. JD1**, **P.O. JD2, P.O. JD3, P.O. JD4,** and **P.O. JD5,** jointly and severally, if defendant **P.O. LYNCH** was involved in any way in this complaint against Plaintiff.

31. Defendants **DET. MOORE, DET. COMISKY, DET. EMBROZIO, DET. JD1**, **P.O. JD2, P.O. JD3, P.O. JD4,** and **P.O. JD5,** jointly and severally, refused to answer.

32. Plaintiff advised defendants **DET. MOORE, DET. COMISKY, DET. EMBROZIO, DET. JD1**, **P.O. JD2, P.O. JD3, P.O. JD4,** and **P.O. JD5,** jointly and severally, that defendant **P.O. LYNCH** was in a romantic relationship with FRANCES MONIQUE PERU and was involved in two (2) prior false arrests of Plaintiff.

33. Defendants, **DET. MOORE, DET. COMISKY, DET. EMBROZIO, DET. JD1**, **P.O. JD2, P.O. JD3, P.O. JD4,** and **P.O. JD5,** jointly and severally, ignored Plaintiff.

34. Defendants **DET. MOORE, DET. COMISKY, DET. EMBROZIO, DET. JD1**, **P.O. JD2, P.O. JD3, P.O. JD4,** and **P.O. JD5,** jointly and severally, entered Plaintiff's apartment without Plaintiff's permission or consent.

35. Defendants, **DET. MOORE, DET. COMISKY, DET. EMBROZIO, DET. JD1**, **P.O. JD2, P.O. JD3, P.O. JD4,** and **P.O. JD5,** jointly and severally, followed Plaintiff into his bedroom and conducted a search of his apartment.

36. Defendants **DET. MOORE, DET. COMISKY, DET. EMBROZIO, DET. JD1**, **P.O. JD2, P.O. JD3, P.O. JD4,** and **P.O. JD5,** jointly and severally, did not have an arrest or search warrant for plaintiff or his apartment.

37. Defendants, **DET. MOORE, DET. COMISKY, DET. EMBROZIO, DET. JD1**, **P.O. JD2, P.O. JD3, P.O. JD4,** and **P.O. JD5,** jointly and severally, arrested, and handcuffed Plaintiff.

38. Defendants **DET. MOORE, DET. COMISKY, DET. EMBROZIO, DET. JD1**, **P.O. JD2, P.O. JD3, P.O. JD4,** and **P.O. JD5,** jointly and severally, did not have probable cause to arrest Plaintiff.

39. Defendants, **DET. MOORE, DET. COMISKY, DET. EMBROZIO, DET. JD1**, **P.O. JD2, P.O. JD3, P.O. JD4,** and **P.O. JD5,** jointly and severally, escorted Plaintiff to defendant **NYPD** 23rd Precinct located at 164 East 102nd Street in the County, City and State of New York.

40. Defendants **DET. MOORE, DET. COMISKY, DET. EMBROZIO, DET. JD1**, **P.O. JD2, P.O. JD3, P.O. JD4,** and **P.O. JD5,** jointly and severally, photographed, fingerprinted and processed Plaintiff at the 23rd Precinct.

41. Plaintiff was never seen by any defendant **NYPD** officer to be asked questions as to the alleged complaint made by FRANCES MONIQUE PERU.

42. Defendants, **DET. MOORE, DET. COMISKY, DET. EMBROZIO, DET. JD1**, **P.O. JD2, P.O. JD3, P.O. JD4,** and **P.O. JD5,** jointly and severally, escorted Plaintiff to central bookings located at 100 Centre Street in the County, City and State of New York.

43. On May 17, 2021, at or about 2:30 A.M., Plaintiff was advised by a Correction Officer JOHN DOE 6 that he was, "free to go."

44. Plaintiff who was confused asked Correction Officer JOHN DOE 6, "What do you mean?"

45. Correction Officer JOHN DOE 6 told Plaintiff, "Judge said he isn't wasting his time with you. You can leave," and showed Plaintiff an exit door.

46. Plaintiff asked Correction Officer JOHN DOE 6 if there was any paperwork he needed.

47. Correction Officer JOHN DOE 6 said, "No. Nothing was processed for you."

48. Plaintiff left and went home.

49. Plaintiff missed his access time with his son due to this incident.

50. Plaintiff appeared at the 23rd Precinct and asked to speak to a Detective about his arrest.

51. Plaintiff was approached by Defendant **NYPD** Detective John Doe 7 who told plaintiff, "Sorry, there was a mistake in the system. You never should have been arrested."

52. Defendants, **DET. MOORE, DET. COMISKY, DET. EMBROZIO, DET. JD1**, **P.O. JD2, P.O. JD3, P.O. JD4,** and **P.O. JD5**, knew that they did not have just or probable cause to arrest the plaintiff.

53. Defendants, **DET. MOORE, DET. COMISKY, DET. EMBROZIO, DET. JD1**, **P.O. JD2, P.O. JD3, P.O. JD4,** and **P.O. JD5,** intentionally detained the plaintiff without cause.

7

54. Upon information and belief, Defendant **P.O. LYNCH** committed acts in the furtherance of the conspiracy against Plaintiff to have him falsely detained and arrested.

55. Defendants, **DET. MOORE, DET. COMISKY, DET. EMBROZIO, DET. JD1**, **P.O. LYNCH, P.O. JD2, P.O. JD3, P.O. JD4,** and **P.O. JD5,** jointly and severally, while acting in active concert, committed the following acts:

    a) Without a legal or just reason or probable cause arrested and imprisoned plaintiff.

    b) Covered-up their actions.

    c) Held plaintiff at the 23rd Precinct knowing that they did not have probable cause to detain plaintiff.

    d) Held plaintiff at Central Bookings knowing that they did not have probable cause to detain plaintiff.

    e) Escorted Plaintiff to Central Bookings in effort to have Plaintiff maliciously prosecuted with false accusations.

    f) Failed and refused to timely advise plaintiff of the reasons for his arrest.

    g) Entered Plaintiff's apartment without the permission and consent of Plaintiff.

    h) Entered plaintiff's apartment and illegally searched same.

### FIRST CAUSE OF ACTION
### FALSE ARREST AND IMPRISONMENT

56. Plaintiff repeats and realleges each and every allegation contained in paragraphs numbered "1" through "55" of the complaint, as if the same were set forth more fully and at length herein.

57. That as a direct and proximate result of the intentional and malicious acts of the defendants, **DET. MOORE, DET. COMISKY, DET. EMBROZIO, DET. JD1**, **P.O. LYNCH, P.O. JD2, P.O. JD3, P.O. JD4,** and **P.O. JD5,** jointly and severally, as

8

described aforesaid, all committed under color of state law and under their authority as police officers and detectives employed by the defendants, **CITY** and **NYPD**, and while acting in the scope of their employment, and pursuant to authority vested in each of them by defendants, **CITY** and **NYPD**, the defendants, caused the plaintiff to be falsely arrested, detained and imprisoned.

58. That by engaging in the foregoing acts, practices and courses of conduct, defendants, ***DET. MOORE, DET. COMISKY, DET. EMBROZIO, DET. JD1**, **P.O. LYNCH, P.O. JD2, P.O. JD3, P.O. JD4,*** and ***P.O. JD5***, used their positions as **NYPD** police officers and detectives for improper purposes, subjecting plaintiff to arrest, deprivation of his rights, privileges and immunities as guaranteed to him by the First, Fourth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution and in that plaintiff was denied his protected rights to be free from unlawful, false and illegal arrest, search and seizure of his person without probable cause, to be free from unnecessary searches, to be informed as to the reasons for his detainment and arrest, and to be secure in his right to liberty.

59. That none of the aforesaid acts by each defendant were done as a consequence of any improper, criminal or suspicious conduct on the part of the plaintiff.

## *SECOND CAUSE OF ACTION*
*FOR NEGLIGENT HIRING*

60. Plaintiff repeats and realleges each and every allegation set forth in paragraphs numbered "1" through "55" of this complaint, with the same force and effect as if set forth herein at length.

61. That the defendants ***CITY*** and ***DOC,*** their detectives, police officers, agents, servants, officers, and employees were negligent in their hiring and supervising of defendants

***DET. MOORE, DET. COMISKY, DET. EMBROZIO, DET. JD1***, ***P.O. LYNCH, P.O. JD2, P.O. JD3, P.O. JD4,*** and ***P.O. JD5,*** jointly and severally***.***

62. That the defendants ***CITY NYPD*** failure to implement policies and procedures for the hiring of their detectives and police officers, specifically defendants ***DET. MOORE, DET. COMISKY, DET. EMBROZIO, DET. JD1***, ***P.O. LYNCH, P.O. JD2, P.O. JD3, P.O. JD4,*** and ***P.O. JD5,*** caused plaintiff to suffer civil right violations.

<u>**THIRD CAUSE OF ACTION**</u>
*FAILURE TO INTERVERE – §1983*

63. Plaintiff repeats and realleges each and every allegation set forth in paragraphs "1" through "55" of this complaint, with the same force and effect as if set forth herein at length.

64. Defendants, ***CITY, NYPD, DET. MOORE, DET. COMISKY, DET. EMBROZIO, DET. JD1***, ***P.O. LYNCH, P.O. JD2, P.O. JD3, P.O. JD4,*** and ***P.O. JD5,*** jointly and severally, observed and/or had reason to know that plaintiffs' constitutional rights were being violated.

65. Defendants, ***CITY, NYPD, DET. MOORE, DET. COMISKY, DET. EMBROZIO, DET. JD1***, ***P.O. LYNCH, P.O. JD2, P.O. JD3, P.O. JD4,*** and ***P.O. JD5,*** jointly and severally***,*** had a realistic opportunity to intervene to prevent harm from occurring, specifically the false arrest and imprisonment of plaintiff.

66. Defendants, ***CITY, NYPD, DET. MOORE, DET. COMISKY, DET. EMBROZIO, DET. JD1***, ***P.O. LYNCH, P.O. JD2, P.O. JD3, P.O. JD4,*** and ***P.O. JD5,*** jointly and severally, violated their duty to intervene and to protect the constitutional rights of citizens, specifically plaintiff, from infringement by other law enforcement officers in their presence.

67. The above actions committed by defendants, jointly and severally, were a violation of plaintiff's civil rights.

## FOURTH CAUSE OF ACTION
### (FEDERAL- FAILURE TO TRAIN AND SUPERVISE)

68. Plaintiff repeats and realleges each and every allegation contained in paragraphs numbered "1" through "55" of this complaint, with the same force and effect as if set forth herein at length.

69. That defendants, **CITY** and **NYPD,** jointly and severally, by their deliberate acts, gross negligence, and reckless conduct in failing to adequately train, discipline and supervise defendants, **DET. MOORE, DET. COMISKY, DET. EMBROZIO, DET. JD1**, **P.O. LYNCH, P.O. JD2, P.O. JD3, P.O. JD4,** and **P.O. JD5,** jointly and severally, and in their failure to promulgate and put into effect appropriate rules and regulations applicable to the duties, conduct, activities and behavior of their agents, servants and employees, directly caused the harm suffered by plaintiff.

70. That the acts of the defendants **DET. MOORE, DET. COMISKY, DET. EMBROZIO, DET. JD1**, **P.O. LYNCH, P.O. JD2, P.O. JD3, P.O. JD4,** and **P.O. JD5,** jointly and severally, was committed under color of state law, deprived the plaintiff of his rights, privileges and immunities as guaranteed to him by the First, Fourth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution.

## FIFTH CAUSE OF ACTION
### CONSPIRACY – §1985(3)

71. Plaintiff repeats and realleges each and every allegation contained in paragraphs of the complaint numbered "1" through "55" of this complaint, with the same force and effect as if set forth herein at length.

11

72. The above actions of the Defendants, jointly and severally, particular the defendants, ***CITY, NYPD, DET. MOORE, DET. COMISKY, DET. EMBROZIO, DET. JD1***, ***P.O. LYNCH, P.O. JD2, P.O. JD3, P.O. JD4,*** and ***P.O. JD5,*** jointly and severally, conspired against plaintiff and violated the their right to equal protection of the laws, privileges and immunities under the laws when they allowed plaintiff to be falsely searched, seized, arrested and imprisoned in furtherance of the deprivation of rights, defendants' falsely completed defendant ***NYPD*** reports as to the truth as to false arrest and imprisonment of plaintiff.

73. Defendants, jointly and severally, particular the defendants, ***CITY*** and ***NYPD,*** specifically defendants ***DET. MOORE, DET. COMISKY, DET. EMBROZIO, DET. JD1***, ***P.O. LYNCH, P.O. JD2, P.O. JD3, P.O. JD4,*** and ***P.O. JD5***, committed the following acts in furtherance of the object of their conspiracy:

    a. Refused to safeguard plaintiff from an unlawful arrest, stop and search.

    b. Created and maintained a false premise for the arrest, detention, and imprisonment of the plaintiff.

    c. Covered-up the actions of each other.

    d. Helped to detain plaintiff for an unreasonable period despite plaintiff's repeated requests for information regarding his detainment.

    e. Assisted each other in the arrest and search of plaintiff for alleged violations of the Penal Law of the State of New York, despite the fact that there was no just or probable cause for said arrest.

    f.      Falsely arrested and imprisoned plaintiff at the 23rd Precinct and the New York County Criminal Courts Building knowing that they did not have probable cause to do so.

    g.      Failed and refused to timely advise plaintiff of the reasons for his arrest.

    h.      Attempted to have Plaintiff maliciously prosecuted for alleged crimes that defendants knew Plaintiff did not commit.

    i.      Without a legal or just reason or probable cause falsely arrested and imprisoned plaintiff.

74. That as a direct and proximate result of the knowing, intentional and malicious acts of the defendants, their employees, agents, detectives and police officers, jointly and severally, as described aforesaid, all committed under color of state law and under their authority as law enforcement officers employed by the defendants, **CITY** and **NYPD,** jointly and severally, and while acting in the scope of their employment, and pursuant to authority vested in each of them by defendants, **CITY** and **NYPD,** jointly and severally, (Badge of Authority), the defendants' caused the plaintiffs to be searched, seized, arrested, and imprisonment without cause.

75. That by engaging in the foregoing acts, practices and courses of conduct, the defendants, their employees, agents, officers, detectives and police officers, jointly and severally, specifically defendants, ***DET. MOORE, DET. COMISKY, DET. EMBROZIO, DET. JD1***, ***P.O. LYNCH, P.O. JD2, P.O. JD3, P.O. JD4,*** and ***P.O. JD5,*** used their position in law enforcement for improper purposes, subjecting plaintiffs to deprivation of his rights, privileges and immunities as guaranteed to him by the First, Fourth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution and in that plaintiff was denied

his protected rights to be free from search, seizure, arrest, imprisonment, intimidation, degradation and humiliation without cause.

76. The actions of defendants, **CITY** and **NYPD,** jointly and severally, their detectives and police officers, employees, agents, specifically defendants ***DET. MOORE, DET. COMISKY, DET. EMBROZIO, DET. JD1***, ***P.O. LYNCH, P.O. JD2, P.O. JD3, P.O. JD4,*** and ***P.O. JD5,*** against plaintiff has deprived plaintiff of having and exercising his rights and privileges as a United States citizen secured by the United States Constitution, specifically 42 U.S.C. §1985(3).

77. Defendants, **CITY** and **NYPD,** jointly and severally, knew or should have known that the failure to adequately address the violent propensities and inadequate training of its detectives and police officers, specifically defendants ***DET. MOORE, DET. COMISKY, DET. EMBROZIO, DET. JD1***, ***P.O. LYNCH, P.O. JD2, P.O. JD3, P.O. JD4,*** and ***P.O. JD5,*** had caused problems in the past, and would continue to cause problems in the future, including violations of constitutional rights because of the failure to adopt and implement adequate policies, procedures and practices and to adequately screen, train, supervise and/or discipline their detectives and police officers engaging in, or likely to engage in, such behavior.

78. Defendants, **CITY** and **NYPD,** jointly and severally, despite actual knowledge of this unconstitutional pattern and practice by its rank and file, leadership at the defendant **NYPD** failed to implement any additional training or education of its officers to lessen the constitutional violations committed by their detectives and police officers, specifically, defendants ***DET. MOORE, DET. COMISKY, DET. EMBROZIO, DET. JD1, P.O. LYNCH, P.O. JD2, P.O. JD3, P.O. JD4,*** and ***P.O. JD5.***

79. The defendants' **CITY** and **NYPD**, jointly and severally, policy, practice, and custom of the usage of this illegal and unconstitutional failure to train and/or educate its safety, detectives and police officers in the proper procedures of supervising, responding to threats, protecting and preventing false arrests, searches and imprisonments of citizens directly and proximately caused harm to Plaintiff.

80. The above acts constituting a conspiracy against plaintiff by defendants, **CITY** and **NYPD,** jointly and severally, their agents, servants and officers, specifically defendants ***DET. MOORE, DET. COMISKY, DET. EMBROZIO, DET. JD1***, ***P.O. LYNCH, P.O. JD2, P.O. JD3, P.O. JD4,*** and ***P.O. JD5***, directly and proximately caused the deprivation of Plaintiff's constitutional rights secured by the Fourth (4th) and Fourteenth (14th) Amendments to the United States Constitution and were in violation of 42 U.S.C. § 1985(3).

81. As a result of the foregoing, Plaintiff was caused to suffer severe and permanent physical, psychological, and emotional injuries, violations of his civil rights, emotional distress, depression, fear, anxiety, anguish, humiliation, medical treatment, loss of freedom and damage to their reputation within his community.

WHEREFORE, the plaintiff demands judgment against each defendant, jointly and severally, on each cause of action in the amount of One Million ($1,000,000.00) Dollars, together with the costs and disbursements of this action.

Dated: New York, New York
January 23, 2024

                                                Yours, etc.

                                                /s/ Devon M. Radlin, Esq.
DEVON M. RADLIN
Attorney for Plaintiff
**CRAIG PERU**
305 Broadway – 7th Floor
New York, New York 10007
Tel. No.: (212) 406-9200
Email: Devon@LawDMR.com

| Docket: | Year | RJI No.: | Hon: |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CRAIG PERU

                              Plaintiff,

   -against-

CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, DETECTIVE MOORE, DETECTIVE COMISKY, DETECTIVE EMBROZIO, DETECTIVE JOHN DOE 1, POLICE OFFICER VICTORIA LYNCH, SHIELD #13203, POLICE OFFICER JOHN DOE 2, POLICE OFFICER JOHN DOE 3, POLICE OFFICER JOHN DOE 4, and POLICE OFFICER JOHN DOE 5,

                              Defendants.

## COMPLAINT

**DEVON M. RADLIN**
Attorney for Plaintiff
Office & Post Office Address, Telephone
**305 BROADWAY – 7^(TH) FLOOR
NEW YORK, N.Y. 10038
(212) 406-9200**

To:                                                                 Signature (Rule 130-1.1-a)

_____
Print name beneath                                          Attorney(s) for

Service of a copy of the within                          is hereby admitted.
Dated,

_____
                                                                     Attorney(s) for

Please take notice
⌠ NOTICE OF ENTRY
that the within is a (certified) true copy of a
duly entered in the office of the clerk of the within names court on
⌠ NOTICE OF SETLEMENT
that an order of which the within is a true copy will be presented for settlement to the HON.
one of the judges of the within names court, at                                             on
                                                                     Yours, etc.
To:                                                                 DEVON M. RADLIN
                                                                     Attorney for Plaintiff
Attorney(s) for:                                                **305 BROADWAY – 7^(TH) FL
                                                                     NEW YORK, NY 10007**